On Motion to Dismiss.
PROVOSTY, J.
The defendant having a contract with the Sewerage and Water Board, and the plaintiff being surety on said contract, these two entered into an agreement with the Hibernia Bank & Trust Company, by which all money accruing to the defendant under said contract should be deposited in the said bank to the credit of a special account, and not to be withdrawn without the counter signature of the plaintiff. The bank having allowed the defendant to deposit $16,000 of said money to his personal account, instead of requiring it to be deposited to the special account, the plaintiff brought this suit enjoining defendant from drawing out said $16,000 without the agreed-upon counter signature, and enjoining the bank from allowing him to do so, and enjoining both defendant and the bank from disposing of the money to accrue in the future under said contract otherwise than as agreed upon.
After the institution of the suit, the parties entered into an agreement for the withdrawal of the $16,000; and, on motion of plaintiff, the injunction was dissolved, in so far as concerned the $16,000.
On motion of the bank, the court then dissolved the injunction in toto as against the bank, on the ground that plaintiff had discontinued the injunction as against defendant, and that “there now exists no issue which this appearer is called upon to meet.”
From that judgment the plaintiff has appealed.
The bank moves to dismiss the appeal, on the ground that the judgment is interlocutory, and cannot cause any injury not compensable in money, and is therefore not appealable.
The said judgment is not interlocutory, but is a final judgment disposing of the entire suit against the bank, and is therefore appealable.
“An order dismissing an injunction is a final order where the injunction is the only relief prayed for in the bill and is equivalent to a dismissal of the bill.” Dreiske v. People’s Lumber Co., 107 Ill. App. 285.
The petition contains no other prayer than, first, for the issuance of this injunction; and, second, its perpetuation. Remove this injunction from the suit, and there is nothing left; hence the judgment dissolving this Injunction is a final judgment in the suit.
With the merits of the case, this court is not at present concerned.
The motion to dismiss is overruled.
O’NIELL, J., takes no part.